UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CODY CARTER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD et al.,<br><br>　　　　　　　Defendants. | Case No. 10cv1072-IEG (BLM)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR DISCLOSURE OF INTERNAL AFFAIRS INVESTIGATION [ECF No. 47], (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND DISCOVERY [ECF No. 48], and (3) GRANTING PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF RICK GALANOS** |

On April 1, 2011, the Court held a hearing to address the parties' simultaneously-filed briefs regarding whether or not Defendants are required to disclose an additional internal affairs report relating to Officer Meritt [ECF Nos. 44 & 47], Plaintiff's Motion to Extend Discovery [ECF No. 48], and Plaintiff's Motion to Compel the Deposition of Rick Galanos [ECF No. 61].

For the reasons stated on the record during the hearing, the Court rules as follows:

1.　Plaintiff seeks disclosure of an internal affairs investigation report concerning Officer Meritt, but not related to the October 31, 2009 tasing incident. Defendants provided the Court with a complete copy of the requested internal affairs investigation for the Court's review *in camera*. See ECF Nos. 44, 45 & 46. The Court has reviewed the entire document

1 and finds that it is not relevant to Plaintiff's claims or the subject matter involved in the action and is not likely to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Therefore, Plaintiff's Motion for Disclosure of Internal Affairs Investigation [ECF No. 47] is **DENIED**.

2. In his second motion, Plaintiff seeks to have the April 1, 2011 discovery deadline extended until April 9, 2011, in order to obtain responses to his Request for Production of Documents, Set Six, which were not served in a timely manner. ECF No. 48-1 at 1-2. Defendants object that Plaintiff's requests are untimely and Plaintiff has shown no good cause for his delay in seeking this discovery. ECF No. 53 at 2-7.

As the Court explained on the record, once a Rule 16 scheduling order is issued, dates set forth therein only may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 19 (scheduling order stating that dates may be modified for "good cause"). The Rule 16 "good cause" standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Services, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Company, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Diligence should not be confused with carelessness, which offers no reason for a grant of relief. Johnson v. Mammoth Recreations, 975 F. 2d 604, 609 (9th Cir. 1992). A court also may consider the "existence or degree of prejudice to the party opposing the modification." Id. However, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If the moving party was not diligent, "the inquiry should end." Id.

The Court finds that Plaintiff has failed to satisfy this standard. Plaintiff did not diligently pursue discovery in this case; instead, he waited until the discovery deadline was looming to seek discovery fundamental to his claims and to notice the depositions of key witnesses. The Court finds that the reasons Plaintiff set forth in his brief, and those Plaintiff's counsel explained during the hearing, for serving his Request for Production of Documents, Set Six, in an untimely manner do not constitute good cause for modifying the scheduling order. See Fed. R. Civ. P. 16(b)(4); Noyes, 488 F.3d at 1174 n.6.

///

Nonetheless, the Court finds it appropriate, in the interest of justice and in order to avoid undue prejudice to Plaintiff, to require Defendants to respond to some of the untimely requests in Plaintiff's Request for Production of Documents, Set Six. Accordingly, Plaintiff's motion [ECF No. 48] is **GRANTED IN PART** and Defendants are ordered to produce documents in response to Request for Production of Documents, Set Six, Nos. 1, 3, 5, and 7-9. Because the Court finds the date range of Plaintiff's requests overbroad, these requests are limited to the time frame of January 1, 2005 to October 31, 2009 (the date of the taser incident). Request for Production, Set Six, No. 5 also is limited to documents that relate to training sessions addressing tasers and/or the use of force. Defendants shall produce any documents responsive to these requests, which have not already been produced, on or before **April 15, 2011**. Plaintiff's motion to extend the discovery deadline for purposes of compelling responses to the other requests is **DENIED**.

To the extent the parties raised the related issue of scheduling depositions beyond the April 1, 2011 discovery cutoff, the Court orders the parties to complete all depositions that were timely noticed (but subsequently rescheduled for the convenience of the parties) by **April 22, 2011**. If the parties agree that a particular deposition is not required in order for either party to respond to Defendants' motion for summary judgment, the parties may agree to continue that deposition to a later date.

Additionally, because the Court finds that Plaintiff's motion to extend the discovery deadline was wholly unsupported by good cause and instead based upon a desire to compel responses to untimely discovery requests, the Court finds that sanctions are appropriate. Defendants shall have until **April 15, 2011** to file a declaration setting forth the amount of attorneys' fees reasonably incurred in responding to Plaintiff's Motion to Extend Discovery. Plaintiff may file an objection to Defendants' requested amount on or before **April 22, 2011**. The Court then will take the matter under submission.

3.     Finally, Plaintiff seeks to compel the deposition of non-party Rick Galanos. ECF No. 61. While the Court finds that Plaintiff's delay in seeking this deposition and his last-minute continuances of the same were unreasonable, the Court also finds no legal basis for

Defendants' contention that Plaintiff waived his right to depose Rick Galanos. Accordingly, Plaintiff's Motion to Compel the Deposition of Rick Galanos is **GRANTED**. The parties must complete this deposition by **April 22, 2011**. Because the Court finds that both parties are at fault for failing to complete this deposition by the existing discovery cutoff date, the Court finds an award of expenses for either party would be unjust and denies both parties' requests for sanctions in regard to this issue.

**IT IS SO ORDERED.**

DATED: April 1, 2011

_____
BARBARA L. MAJOR
United States Magistrate Judge